**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ENVIROGLAS PRODUCTS, INC.;** | § | |
| **AMERICAN TERRAZZO COMPANY, LTD.;** | § | |
| **DARIN FLABIANO; BRANDON FLABIANO;** | § | |
| **BRENTON FLABIANO; WILTON** | § | |
| **FLABIANO,** | § | |
| | § | |
| **Plaintiffs/Counter-Defendants,** | § | **Civil Action No. 3:09cv0265-G** |
| | § | |
| **v.** | § | |
| | § | **Defendants' Original** |
| **ENVIROGLAS, LLC; TIMOTHY WHALEY** | § | **Answer and Counterclaims** |
| | § | |
| **Defendants/Counter-Plaintiffs.** | § | |
| | § | |
| | § | |
| | § | |

## DEFENDANTS' ORIGINAL ANSWER AND COUNTERCLAIMS

Defendants, EnviroGLAS, LLC and Timothy Whaley ("Whaley"), file this original answer to Plaintiffs', Enviroglas Products, Inc., American Terrazzo Company, Ltd., Darin Flabiano, Brandon Flabiano, Brenton Flabiano, and Wilton Flabiano (the "Flabianos"), First Amended Complaint for Monetary, Injunctive, and Declaratory Relief.

## ADMISSIONS & DENIALS

1.  Defendants admit the allegations in paragraphs 5, 6, 7, 8, 13, 28, and 45.

2.  Defendants deny the allegations in paragraphs 1, 9, 10, 14, 15,16, 17, 20, 23, 30, 31, 33, 34, 35, 36, 37, 39, 42, 44, 47, 48–172.

3.  Defendants lack sufficient knowledge or information to form a belief about the truth of paragraph 2, 3, 4, and 41.

4.  Defendants admit that Whaley took the principal role in marketing and promoting

EnviroGLAS, but deny the remaining allegations in paragraph 11.

5.   Defendants admit that EnviroGLAS, Ltd. was formed on August 18, 2003, but deny the remaining allegations of paragraph 12.

6.   To the extent that Defendants can ascertain the compound, confusing sentence structure of paragraph 18, Defendants deny paragraph 18.

7.   Defendants admit that over time EnviroGLAS's business grew, as consumers began to seek cost-effective, stylish, and environmentally friendly flooring and counter top alternatives but deny the remaining allegations in paragraph 19.

8.   Defendants admit that Whaley submitted a patent application for the flooring and trademark application for EnviroGLAS in his own name on June 5, 2003, and Defendants admit that a true and correct copy of the EnviroGLAS patent (U.S. Patent Number 6,770,328) is attached at Exhibit A, and true and correct copies of the EnviroGLAS Trademark are attached as Exhibit B.  Defendants deny the remaining allegations in paragraph 21.

9.   Defendants admit that EnviroGLAS LLC was formed on January 10, 2007, but deny the remaining allegations in paragraph 22.

10.   Defendants admit paragraphs 24–26, but deny that Whaley's actions were committed for a nefarious purpose.

11.   Defendants admit that the EnviroGLAS toll-free telephone lines and the EnviroGLAS website were set up by and registered to Defendant Whaley, but deny the remaining allegations in paragraph 27.

12.   Defendants admit Whaley retained his status as a 50% shareholder in the company, but deny the remaining allegations of paragraph 29, that Whaley

remained as a director of EnviroGLAS Products, Inc.

13. Defendants admit that Whaley accessed EnviroGLAS Products, Inc. bank accounts after resigning from EnviroGLAS Products, Inc., but deny the remaining allegations of paragraph 32.

14. Defendants admit that Whaley attended a trade show on behalf of his new company, but deny the remaining allegations of paragraph 38.

15. Defendants admit that they have used the EnviroGLAS domain name and website, but deny the remaining allegations of paragraph 40.

16. Defendants admit that they demanded that Plaintiffs' website be taken down because it infringed on Whaley's trademark, but deny the remaining allegations of paragraph 43, that Whaley improperly continued to control a website after he resigned from EnviroGLAS Products, Inc.

17. Defendants admit they sent letters alleging potential trademark and patent infringement, but deny the remaining allegations of paragraph 46.

18. Defendants deny the allegations in paragraphs131–134 that Defendants willfully infringed on Plaintiffs' trademark.

19. Plaintiffs,  Darin Flabiano, Brandon Flabiano, Brenton Flabiano, and Wilton Flabiano, do not have standing to sue as shareholders because a stockholder cannot file a suit to recover damages to a corporation.

## Affirmative Defenses

20. Plaintiff has unclean hands.  Plaintiffs' unauthorized use of the EnviroGLAS trademark, as a mark, falsely indicates to consumers that Plaintiffs' recycled glass applications originate from, are approved by, are sponsored by, are

licensed by, or are affiliated with Defendants' or are otherwise associated with Defendants' production of recycled glass applications.  Plaintiffs' unauthorized use of the EnviroGLAS trademark in the manner described above is likely to cause confusion, to cause mistake, or to deceive customers and potential customers of the parties by suggesting some affiliation, connection, or association of Plaintiffs with Defendants.

21.  Defendants have a valid license for the EnviroGLAS trademark (*See* Plaintiffs' Ex. B, incorporated by reference) and a valid patent for the method of making terrazzo surface from recycled glass. See Plaintiffs' Ex. A, incorporated by reference.

22.  Plaintiffs' use of the mark constitutes a violation of federal antitrust laws because Defendant Whaley is the rightful owner of the EnviroGLAS trademark and patent.

23.  The Defendants have prior rights in the EnviroGLAS trademark.

24.  Plaintiffs' claims are barred by laches because of Plaintiffs' unreasonable delay in pursuing these claims, that if valid would have arisen upon the formation of EnviroGLAS Products, Inc.

25.  Plaintiffs' claims are barred by acquiescence due to their inaction up until now, which reflects that they thought Whaley to be the owner of the patent and trademark.

26.  Plaintiffs' claims are barred by the Statute of Limitations.  The trademark was filed more than 4 years ago and the formation of EnviroGLAS Products, Inc.

was more than 4 years ago.

27.     In creation of the entities regarding Whaley, the Flabianos, and applications for terrazzo-like flooring, the Flabianos specifically provided that Whaley could start a competing venture at any time.

28.     Plaintiffs' claims are barred due to Defendants express reliance on representations in the EnviroGLAS, Ltd. partnership agreement that allow partners to pursue whatever competitive avenues they desire.

29.     Plaintiffs' claim for a breach of fiduciary duties is barred because shareholders do not owe fiduciary duties to co-shareholder in a corporation.

## Counterclaims

Defendants/Counter-Plaintiff, EnviroGLAS, LLC and Timonthy Whaley, hereby assert their Original Counterclaims against Plaintiffs/Counter-Defendants, Enviroglas Products, Inc., American Terrazzo Company, Ltd., Darin Flabiano, Brandon Flabiano, Brenton Flabiano, and Wilton Flabiano, ("Plaintiffs") in accordance with the Federal Rules of Civil Procedure and would respectfully show the Court as follows:

## Parties

30.     Counter-Defendants have appeared and may be served by serving their counsel of record, David H. Harper, Haynes and Boone, L.L.P., 2323 Victory Avenue, Suite 700, Dallas, Texas 75219.

31.     Counter-Plaintiffs, EnviroGLAS, LLC and Timothy Whaley, have appeared in this lawsuit for all purposes through their counsel of record, James C. Mosser.

**Jurisdiction**

32.   The Court has jurisdiction over Counter-Plaintiffs' counterclaims against
      Counter-Defendants because the counterclaims arise out of the same
      transaction or occurrence that is the subject matter of Counter-Defendants'
      claims and does not require adding another party over whom the court cannot
      acquire jurisdiction. *See* FED. R. CIV. P. 13(a).

**Facts**

33.   Beginning in 2002, Defendant Timothy Whaley and Mattia Flabiano, Jr., the
      now deceased principal owner of Plaintiff, American Terrazzo Company
      ("ATC"), developed a working relationship to develop a marketing
      communications program for ATC, it did not include EnviroGLAS ®.

34.   Whaley and Mattia Flabiano would frequently meet for breakfast to discuss new
      ways to generate business for the national terrazzo flooring industry. The
      Flabionos were never involved in the discussions or breakfast meetings.

35.   On or about July 31, 2002, Whaley read an article in the Dallas Morning News
      about the impact of unwanted broken glass being disposed of in Mellissa,
      Texas for the City of Plano.  The article sparked an idea in Whaley's mind to
      use recycled glass in the making of a terrazzo-like flooring.

36.   Whaley discussed the idea with Mattia Flabiano on or about August 1, 2002.
      Mattia encouraged Whaley to pursue his idea, but, advised Whaley that ATC
      was not interested in such novel products. Whaley then pursued the

development of a recycled glass, terrazzo-like flooring product. The Flabianos were not involved in Whaley's discussions about recycled glass floorings with Mattia.

37. On May 27, 2003, Whaley filed with the United States Patent and Trademark Office an application for a trademark for EnviroGLAS. EnviroGLAS is a trademark owned by Whaley, register number 2,866,288.  *See* Plaintiffs' Ex. B.

38. On June 5, 2003, Whaley filed with the United States Patent and Trademark Office an application for a patent for his method of making terrazzo surface from recycled glass. The patent is owned by Whaley, register number 6,770,328.  *See* Plaintiffs' Ex. A.

39. Plaintiff, EnviroGLAS Products, Inc. was formed on July 9, 2003 to market and develop applications for the terrazzo flooring industry, almost a year after Whaley came up with the idea to use recycled glass in terrazzo flooring.

40. Darin Flabiano, Brandon Flabiano, Brenton Flabiano, and Wilton Flabiano (the "Flabianos") were all officers and directors in EnviroGLAS Products, Inc., and together own 50% of the shares in EnviroGLAS Products, Inc.

41. Whaley was also an officer and director of EnviroGLAS Products, Inc., and owns 50% of the shares in EnviroGLAS Products, Inc.

42. During the course of Whaley's working relationship with the Flabianos, in regards to EnviroGLAS Products, Inc., Defendant Whaley was forced to put up with the Flabianos lack of communication and lack of respect for Whaley. Additionally, the Flabianos failed to provide EnviroGLAS Products, Inc. with

sales and marketing support or customer service support.

43.   The Flabianos never attended a trade show, awards presentation, or participated in any board member meeting with Whaley, during Whaley's four years with EnviroGLAS Products, Inc.

44.   Darin, Brandon, and Wilton Flabiano never even met with Whaley during the years 2003 to 2007, the four years that Whaley served as President of EnviroGLAS Products, Inc.

45.   The Flabianos refused to develop EnviroGLAS and told Whaley it was a worthless product and they were not interested in its production.

46.   The Flabianos engaged in flagrant and derogatory behavior against Whaley during his four year tenure at EnviroGLAS Products, Inc.  On one occasion, the Flabianos and/or persons under their control, created a recycled glass replica of a hand with the middle finger sticking up and placed it on Whaley's desk.

47.   Whaley repeatedly voiced his concern over the direction of EnviroGLAS Products, Inc. and the disinterest of the Flabianos.  Fed up with the Flabianos and their lack of concern or effort on behalf of EnviroGLAS Products, Inc., Whaley resigned as officer and director of EnviroGLAS Products, Inc. on May 7, 2007.

48.   Whaley retains his 50% of the shares in EnviroGLAS Products, Inc.

49.   Counter-Defendants have continued to use the EnviroGLAS trademark, which is owned and registered to Whaley, and sell EnviroGLAS products without

Whaley's consent and to Whaley's detriment.

50.   After resigning from EnviroGLAS Products, Inc., Whaley became involved in a new venture to promote his EnvirGLAS patent and trademark through EnviroGLAS, LLC, a Defendant in this cause.  Whaley continues to use his EnviroGLAS trademark and patent in furtherance of his company, EnviroGLAS, LLC.

51.   Since Whaley's resignation from EnviroGLAS Products, Inc., the Flabianos have worked to defame and slander Counter-Plaintiffs to terrazzo contractors, suppliers, and manufacturers throughout the close knit terrazzo flooring industry.

52.   After Whaley resigned from EnviroGLAS Products, Inc., the Flabianos advised terrazzo contractors, suppliers, and manufacturers not to do business with EnviroGLAS, LLC, because they were prior partners. The Flabianos told people in the terrazzo trade and industry that they were going to "take [Defendant] Whaley out" and that he "wouldn't have a prayer."

53.   To this day, the Flabianos continue to defame and slander Counter-Plaintiffs to the terrazzo flooring industry in their attempt to divert business from Counter-Plaintiffs.

### Counterclaim One: Trademark Infringement

54.   Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs above as well as in other counts of this Answer and Counterclaims, as if set forth fully herein.

55.    Counter-Defendants' unauthorized use of the EnviroGLAS trademark as a mark
       falsely indicates to consumers that Counter-Defendants' recycled glass terrazzo
       flooring and other recycled glass applications originate from, are approved by,
       are sponsored by, are licensed by, or are affiliated with Counter-Plaintiffs or are
       otherwise associated with Counter-Plaintiffs' recycled glass terrazzo flooring
       and other recycled glass applications.

56.    Counter-Defendants' unauthorized use of the EnviroGLAS trademark in the
       manner described above is likely to cause confusion, to cause mistake, or to
       deceive customers and potential customers of the parties by suggesting some
       affiliation, connection, or association of Counter-Defendants with Counter-
       Plaintiffs.

57.    Counter-Defendants continue to divert EnviroGLAS sales from Counter-
       Plaintiffs.

58.    Counter-Defendants' actions, as described above, constitute trademark
       infringement in violation of the Lanham Act, 15 U.S.C. §1114(1).

59.    Counter-Defendants' actions, as described above, constitute unfair competition
       in violation of the Lanham Act, 15 U.S.C. §1125(a).

60.    Counter-Defendants' wrongful activities are willful for the following reasons:

       a.    Counter-Defendants chose a trademark identical to Counter-Plaintiffs'
             EnviroGLAS mark, even though the most rudimentary trademark search
             would have revealed Counter-Plaintiffs' federal registrations for the
             identical mark for identical types of products or services.

b.   Counter-Defendants have continued to use the confusingly similar designation after Counter-Plaintiffs notified them of Counter-Plaintiffs' prior rights to the EnviroGLAS mark.

61.   As a direct and proximate result of Counter-Defendants' conduct, Counter-Plaintiffs suffered the following damages:

a.   Actual damages.

b.   Enhanced damages for willful infringement.

62.   Counter-Defendants knew that their unauthorized use of a mark confusingly similar to Counter-Plaintiffs' would result in a benefit to Counter-Defendants.

63.   Counter-Defendants' unauthorized use of the EnviroGLAS trademark has unjustly enriched Plaintiff at the expense of Counter-Plaintiffs' reputation, goodwill, and lost profits.

## Claim Two: Injunctive Relief

64.   Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs above as well as in other counts of this Answer and Counterclaims, as if set forth fully herein.

65.   Counter-Plaintiffs seeks to enjoin Counter-Defendants and their agents and representatives and others acting in concert from  using the trademark on Counter-Defendants' commercial products during this suit, because this activity infringes Counter-Plaintiffs' trademarked name, EnviroGLAS, registration number 2,866,288.

66.    There is a substantial likelihood that Counter-Plaintiffs will prevail on the merits of their counterclaim for trademark infringement.

67.    If the court does not grant a preliminary injunction, Counter-Defendants will continue their activities that infringe Counter-Plaintiffs' trademark.

68.    Counter-Plaintiffs will suffer irreparable injury if the court does not enjoin Counter-Defendants from using the EnviroGLAS trademark because Counter-Plaintiffs' mark will suffer from dilution or generic use.

69.    Counter-Defendants will not suffer undue hardship or loss as a result of the issuance of a preliminary injunction.

70.    Issuance of a preliminary injunction would not adversely affect the public interest.

71.    Counter-Plaintiffs ask the court to set this request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, to issue a preliminary injunction against Counter-Defendants.

**Claim Three: Direct Action**

72.    Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs above as well as in other counts of this Answer and Counterclaims, as if set forth fully herein.

73.    Defendant Whaley represents all of the shareholders in EnviroGLAS Products, Inc., as the 50% shareholder in EnviroGLAS Products, Inc., with the exception of the shares owned by the Flabianos.

74.    EnviorGLAS is a close corporation within the meaning of Article 5.14L of the
       Texas Business Corporation Act.

75.    In order to prevent the Flabianos from benefitting from their misdeeds, justice
       requires that this action be treated as a direct action by Defendant Whaley
       under  Article 5.14L of the Texas Business Corporation Act.

76.    Accordingly, Defendant Whaley asks the Court to declare that this action be
       treated as a direct action by Defendant Whaley in the interest of justice, and
       that all sums recovered on behalf of EnviroGLAS Products, Inc. should be
       disbursed equally to Whaley.

### Claim Four: Breach of Fiduciary Duty

77.    Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs
       above as well as in other counts of this Answer and Counterclaims, as if set
       forth fully herein.

78.    Defendant Whaley had a fiduciary relationship with Counter-Defendants, Darin
       Flabiano, Brandon Flabiano, Brenton Flabiano, and Wilton Flabiano. As officers
       and directors of EnviorGLAS Products, Inc., the Flabianos owed the corporation
       fiduciary duties of extreme candor, unselfishness and good faith.  Since this
       action is being brought as a direct action under  Article 5.14L of the Texas
       Business Corporation Act, Whaley, the 50% shareholder in EnviroGLAS
       Products, Inc. can sue directly for the Flabianos' breach of fiduciary duty.

79.    Counter-Defendants, the Flabianos, breached their fiduciary duty to Whaley
       through their complete failure to contribute to the success and growth of

EnviroGLAS Products, Inc.  Darin Flabiano, Brandon Flabiano, and Wilton Flabiano were totally uninvolved in EnviorGLAS Products, Inc., despite their status as officers and directors of the corporation, and continually disparaged the EnviroGLAS product.

80. The Flabianos' breach of fiduciary duty injured Whaley by stagnating the corporation's growth and success and resulting in the resignation of company's president, which resulted in the following damages: lost profits and loss of goodwill.

81. Counter-Plaintiffs seeks unliquidated damages within the jurisdictional limits of this court.

82. <u>Exemplary damages.</u>  Counter-Plaintiffs' injury resulted from the Flabianos' intentional acts, committed with gross negligence, malice and actual fraud, which entitles Counter-Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## Claim Five: Tortious Interference with Existing Relations

83. Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs above as well as in other counts of this Answer and Counterclaims, as if set forth fully herein.

84. Counter-Plaintiffs had a valid contract with various terrazzo flooring suppliers, manufacturers, and contractors in regards to the sale and manufacture of EnviroGLAS.

85.     Counter-Defendants knew or had reason to know of Counter-Plaintiffs'
        contracts with the terrazzo flooring suppliers, manufacturers, and contractors
        and Counter-Plaintiffs' interest in the contracts.  The terrazzo flooring industry is
        a close knit industry that the Flabianos have been a major part of for years.
        The Flabianos' position as influential members of the terrazzo flooring industry
        and past association with Whaley has imparted them with knowledge of
        Counter-Plaintiffs' actions with regards to the sale and development of
        EnviroGLAS.

86.     Counter-Defendants willfully and intentionally interfered with Counter-Plaintiffs'
        contracts with terrazzo flooring suppliers, manufacturers, and contractors.
        Angry and bitter with Whaley over his resignation and formation of EnviroGLAS,
        LLC, the Flabianos tortiously interfered with Counter-Plaintiffs' contracts in an
        attempt to divert EnviroGLAS business from Counter-Plaintiffs.

87.     Counter-Defendants' interference proximately caused injury to Counter-
        Plaintiffs, which resulted in the following actual damage or loss: lost profits, loss
        of business reputation, and loss of goodwill.

88.     Counter-Plaintiffs seek unliquidated damages within the jurisdictional limits of
        this court.

89.     <u>Exemplary damages.</u>  Counter-Plaintiffs' injury resulted from Counter-
        Defendants' malice or actual fraud, which entitles Counter-Plaintiffs to
        exemplary damages under Texas Civil Practice & Remedies Code section
        41.003(a).

## Claim Six: Tortious Interference with Prospective Contracts

90.    Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs

above as well as in other counts of this Answer and Counterclaims, as if set

forth fully herein.

91.    Counter-Plaintiffs were prepared to enter into contracts and had an ongoing

business relationship with various terrazzo flooring suppliers, manufacturers,

and contractors in regards to the sale and manufacture of EnviroGLAS.

92.    Counter-Defendants knew of Counter-Plaintiffs' prospective contractual and

business relationships with various terrazzo flooring suppliers, manufacturers,

and contractors in regards to the sale and manufacture of EnviroGLAS, and

intentionally interfered with it.

93.    Counter-Defendants' active diversion of business from EnviroGLAS, LLC  was

independently tortious and unlawful, regardless of the effect those actions had

on Counter-Plaintiffs' prospective contractual and business relationships with

various terrazzo flooring suppliers, manufacturers, and contractors in regards to

the sale and manufacture of EnviroGLAS.  Counter-Defendants made

fraudulent statements about Whaley and EnviroGLAS, LLC, including claiming

ownership to the EnviroGLAS trademark and patent, while aware that Whaley

is the true owner of the EnviroGLAS trademark and patent.

94.    Counter-Plaintiffs suffered actual damage and loss because Counter-

Defendants' interference prevented Counter-Plaintiffs from entering into the

prospective contracts and continuing Counter-Plaintiffs' business relationships

with various terrazzo flooring suppliers, manufacturers, and contractors in regards to the sale and manufacture of EnviroGLAS.

95.     Counter-Defendants' interference proximately caused injury to Counter-Plaintiffs, which resulted in the following damages: lost profits, loss of business reputation, and loss of goodwill.

96.     Counter-Plaintiffs seeks unliquidated damages within the jurisdictional limits of this court.

97.     <u>Exemplary damages</u>.  Counter-Plaintiffs' injury resulted from Counter-Defendants' malice or actual fraud, which entitles Counter-Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## Claim Seven: Slander

98.     Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs above as well as in other counts of this Answer and Counterclaims, as if set forth fully herein.

99.     Counter-Defendants, the Flabianos, published a statement by oral communication and conduct asserting as fact that EnviroGLAS, LLC and Whaley were to be abandoned commercially by the terrazzo flooring industry due to their alleged misdeeds.

100.    The statement involved a private matter because it was solely in Counter-Plaintiffs' interest.

101.   The statement referred to Counter-Plaintiffs by name. Counter-Defendants' told terrazzo flooring industry members not to do business with Whaley and EnviroGLAS, LLC because they were ex partners.

102.   The statement was defamatory because it unambiguously injured Counter-Plaintiffs' business reputation.

103.   The statement was false because Counter-Plaintiffs' have committed no actions to warrant the diversion of terrazzo flooring industry business.

104.   Counter-Defendants, the Flabianos, are strictly liable to Counter-Plaintiffs for the defamation, because this is an action where a private figure, Counter-Plaintiffs, are suing  nonmedia Counter-Defendants and the speech involves a private issue. The Flabianos' false statement caused injury to Counter-Plaintiffs, which resulted in the following damages: lost profits, loss of business reputation, and loss of goodwill.

105.   Counter-Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

106.   Exemplary damages.  Counter-Plaintiffs' injury resulted from Counter-Defendants' malice, which entitles Counter-Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## Claim Eight: Business Disparagement

107.   Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs above as well as in other counts of this Answer and Counterclaims, as if set

forth fully herein.

108.    Counter-Defendants, the Flabianos, published oral disparaging words about Counter-Plaintiffs' patent, trademark, and ability to sell and market EnviroGLAS.

109.    The words were false because Whaley is the owner of the EnviroGLAS trademark and patent and because EnviroGLAS, LLC is able and willing to participate in the sale and manufacture of EnviroGLAS applications.

110.    Counter-Defendants, the Flabianos, published the words with malice because they were trying to intentionally divert business from Counter-Plaintiffs due to Whaley's resignation from EnviroGLAS Products, Inc. and formation of EnviroGLAS, LLC.

111.    Counter-Defendants, the Flabianos, published the words without privilege.

112.    Counter-Defendants' false statement caused injury to Counter-Plaintiffs, which resulted in the following special damages: lost profits, loss of business reputation, and loss of goodwill.

113.    Counter-Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

114.    Exemplary damages.  Counter-Plaintiffs' injury resulted from Counter-Defendants' malice, which entitles Counter-Plaintiffs to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

## Claim Nine: Fraudulent Inducement

115.   Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs above as well as in other counts of this Answer and Counterclaims, as if set forth fully herein.

116.   Counter-Plaintiffs and Counter-Defendants, the Flabianos, were parties to a transaction involving stock.

117.   During the transaction, the Flabianos made a false, material promise to Whaley with the intent not to fulfill it.  The Flabianos promised Whaley that they would work with Whaley to create new business opportunities for the terrazzo flooring industry by forming EnviroGLAS Products, Inc.  The Flabianos led Whaley to believe that if Whaley joined the Flabianos in the forming EnviroGLAS Products, Inc., then the Flabianos would help foster the growth of the company and work towards the company's success.

118.   Counter-Defendants made the false promises for the purpose of inducing Whaley to enter into a contract.

119.   Whaley relied on Counter-Defendants' false promises by entering into the contract.  Whaley agreed to be a 50% shareholder, officer, and director in EnviroGLAS, Products, Inc., based on the Flabianos' assurances that the company was being formed to create new business opportunities for the terrazzo flooring industry . Whaley gave the Flabianos and EnviroGLAS Products, Inc. access to his trademark and patent in reliance on the formation of a company that would work to create applications for the terrazzo flooring industry.

120.   Counter-Defendants' false promise directly and proximately caused injury to Whaley, which resulted in the following damages: lost profits, loss of goodwill, and loss of business reputation.

121.   Whaley seeks unliquidated damages within the jurisdictional limits of this court.

122.   <u>Exemplary damages.</u>  Counter-Defendants violated Texas Business & Commerce Code section 27.01, which is the basis of this suit, with actual awareness of the falsity of Counter-Defendants' representation or promise, which entitles Whaley to exemplary damages under section 27.01(c).

## Claim Ten: Securities Fraud

123.   Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs above as well as in other counts of this Answer and Counterclaims, as if set forth fully herein.

124.   Counter-Defendants, the Flabianos, represented to Whaley that in connection with the sale and purchase of shares in EnviroGLAS Products, Inc., the Flabianos would work with Whaley to promote the growth and success of EnviroGLAS Products, Inc.

125.   Counter-Defendants' representation to Whaley was material because Whaley would not have purchased shares in EnviroGLAS Products, Inc. if the Flabianos had not assured Whaley of their active involvement in EnviroGLAS Products, Inc.

126.   Counter-Defendants' conduct amounted to a false representation to Whaley

because Counter-Defendants, Darin, Bradon and Wilton Flabiano were never involved, nor took any interest in the success and growth of EnviroGLAS Products, Inc., as the Flabianos told Whaley they would upon the formation of EnviroGLAS Products, Inc.

127.   Counter-Defendants made the false representation knowing it was false.  At the time the Flabianos and Whaley formed EnviroGLAS Products, Inc., the Flabianos  had no intention of being actively involved in the growth and success of EnviroGLAS Products, Inc.

128.   Counter-Defendants had reason to expect Whaley would act in reliance on the false representation, because Whaley purchased shares in the company in reliance on the Flabianos commitment to the growth and success of EnviroGLAS Products, Inc.

129.   Whaley relied on Counter-Defendants' false representation when he purchased shares in EnviroGLAS Products Inc.

130.   Counter-Defendants' false representation directly and proximately caused injury to Defendant, which resulted in the following damages: lost profits and loss of goodwill.

**Claim Eleven: Declaratory Judgment**

131.   Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs above as well as in other counts of this Answer and Counterclaims, as if set forth fully herein.

132.    Counter-Plaintiffs brings this suit for a declaratory judgment under both Federal Rule of Civil Procedure 57 and 28 U.S.C. §§2201 and 2202.

133.    An actual, substantial case or controversy between Counter-Plaintiffs and Counter-Defendants exists as to the ownership of the EnviroGLAS trademark and Patent for the method of making a terrazzo surface from recycled glass. Counter-Defendants have asked this Court for a declaration that they are the true owners of the trademark and patents, while Whaley is in fact the true owner of the EnviroGLAS trademark and patent.

134.    Counter-Plaintiffs ask this Court to declare the following:

   a.    Counter-Plaintiff, Timothy Whaley, is the owner of the EnviroGLAS trademark, registration number 2,866,288.

   b.    Counter-Plaintiff, Timothy Whaley, is the owner of the patent for a method of making a terrazzo surface from recycled glass, Patent Number 6,770,328.

   c.    Counter-Plaintiff, Timothy Whaley, is the owner is the owner of the EnviroGLAS domain name and EnviroGLAS toll free telephone number.

135.    Declaratory relief in this case is necessary to clarify the rights of Counter-Plaintiff Whaley and to end the Counter-Defendants' wrongful use of Counter-Plaintiffs' intellectual property.

### Count Twelve:  Patent Infringement

136.    Counter-Plaintiffs repeat and re-allege all of the allegations in the paragraphs

above as well as in other counts of this Answer and Counterclaims, as if set forth fully herein.

137.   Counter-Defendants without authority made, used, offered to sell, or sold Counter-Plaintiffs' patented invention in violation of 35 U.S.C. 271.

138.   Counter-Defendants (1) were aware of Counter-Plaintiffs' patent and (2) had no reasonable basis for reaching a good faith conclusion that its making, using or selling their product avoided infringing the patent.

139.   Counter-Defendants have actively marketed, produced, and sold products which directly infringe upon Whaley's patent.

140.   Counter-Defendants actions have diverted significant business from Counter-Plaintiffs.  Counter-Plaintiffs have lost profits or royalties.

141.   As a direct and proximate result of Counter-Defendants' conduct, Counter-Plaintiffs suffered the following damages:

a.   Actual damages.

b.   Enhanced damages for willful infringement.

## Attorney Fees

142.   This is an exceptional case, and Counter-Plaintiffs are entitled to an award of attorney fees under 15 U.S.C. §1117(a), Texas Business & Commerce Code section 27.01(e).

## Prayer

143.   For these reasons, Defendants/Counter-Plaintiffs ask the court to do the

following:

a.      Render judgment that Plaintiffs take nothing.

b.      Dismiss Plaintiffs' suit with prejudice.

c.      Assess costs against Plaintiffs.

d.      Render judgment for Counter-Plaintiffs against Counter-Defendants for:

    i.      Counter-Defendants, their officers, agents, servants, employees,
            and attorneys, and all persons in active concert or participation with
            any of them, be preliminarily and permanently enjoined from the
            following:

        (1)     Using the designation EnviroGLAS, or any other confusingly
                similar designation, in connection with the promotion,
                advertising, or offering of recycled glass terrazzo flooring
                and other recycled glass applications.

        (2)     Competing unfairly with Counter-Plaintiffs in any manner,
                including unlawfully adopting or infringing on Counter-
                Plaintiffs' EnviroGLAS mark or adopting or using any other
                marks or designations that are confusingly similar to
                Counter-Plaintiffs' EnviroGLASS mark.

        (3)     Conspiring with, aiding, assisting, or abetting any other
                person or entity in engaging in any of the activities referred
                to in subparagraphs (1) and (2) above.

ii.   Counter-Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in their possession or control that depict or reference the designation EnviroGLAS or any other confusingly or substantially similar mark, and all materials or articles used for making or reproducing the same, as provided by 15 U.S.C. §1118.

iii.   Counter-Plaintiffs recover all damages they have sustained as a result of Counter-Defendants' infringement and unfair competition.

iv.   Counter-Plaintiff, Whaley, is the owner of the EnviroGLAS trademark, Registration Number 2,866,288.

v.   Counter-Plaintiff, Whaley, is the owner of the patent for the method of making a terrazzo surface from recycled glass, Patent Number 6,770,328.

vi.   Counter-Plaintiff Whaley, is the owner of the EnviroGLAS domain name and toll free telephone number.

vii.   Counter-Plaintiffs be awarded treble damages under 15 U.S.C. §1117(b).

viii.   An accounting be directed to determine Counter-Defendants' profits resulting from their infringement and unfair competition and

that the profits be paid over to Counter-Plaintiffs, increased as the court determines is appropriate to the circumstances of this case.

ix.    The court declare this case an exceptional case and award Counter-Plaintiffs their reasonable attorney fees for prosecuting this suit under 15 U.S.C. §1117(a).

x.    Counter-Plaintiffs recover their costs of this suit and prejudgment and post-judgment interest.

xi.    Plaintiff have all other relief the court deems appropriate.

xii.    Damages for Counter-Defendants' breach of fiduciary duty, securities fraud, fraud in the inducement, slander, business disparagement, tortious interference with existing and prospective contractual relations, and patent infringement.

xiii.    Exemplary damages for Counter-Defendants' breach of fiduciary duty, securities fraud, fraud in the inducement, slander, business disparagement and tortious interference with existing and prospective contractual relations.

xiv.    Counter-Plaintiffs' recover directly under Article 5.14L of the Texas Business Corporation Act for the Flabianos' breach of fiduciary duty against EnviroGLAS Products, Inc.

xv.    Attorney's fees.

## Demand for Jury Trial

Defendants/Counter-Plaintiffs hereby demand trial by jury in this action on all

issues so triable.

Respectfully Submitted, *Mosser Law PLLC*

/s/James C. Mosser
_____

James C. Mosser
Texas Bar No. 00789784
17110 Dallas Parkway, Suite 290
Dallas, Texas  75248
Telephone: (972) 733-3223
Facsimile: (972) 267-5072
Lawyers for Defendants/Counter-Plaintiffs

## Certificate of Service

I certify that on April 15, 2010, a true and correct copy of Defendants' Original Answer and Counterclaims was served via ECF upon the following counsel/parties:

David H. Harper
Haynes and Boone, L.L.P.
2323 Victory Avenue, Suite 700
Dallas, Texas 75219
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

/S/ James C. Mosser
_____

James C. Mosser